1832.

Pendleton
v.
Fay.

### PENDLETON and wife *vs.* FAY and others.

A *bill* of revivor, when necessary, may be filed of course without any order of the court granting permission to file such bill.

If a bill of revivor is unnecessarily or improperly filed, the objection may be taken by plea or demurrer.

Where a complainant has a right to revive the suit, he may add to the bill of revivor such supplemental matter as is proper to be added, by way of supplement merely, in that stage of the suit.

If any matters contained in a bill of revivor and supplement are irrelevant or improper, the defendant may avail himself of the objection, either by a plea, or by demurrer, or by exceptions for impertinence.

A bill of revivor and supplement, in the nature of a bill of review, must be founded upon an affidavit of the discovery of new matter, and cannot be filed without the special leave of the court; neither can it be filed without making the deposit, or giving the security required upon a bill of review.

A supplemental bill ought to be filed as soon as the new matter sought to be inserted therein is discovered; and if the party proceeds to a decree after the discovery of the facts upon which the new claim is founded, he will not be permitted afterwards to file a supplemental bill, in the nature of a bill of review, founded on such facts.

April 3.

THE bill in this cause was originally filed in 1823, by Harriet Davoue, an infant, by her next friend. She was subsequently married to Pendleton, and the suit was revived in their names. After the death of Pendleton a decree was made, settling the rights of the parties to the real estate in controversy, and referring it to the master to take an account of the rents and profits of the premises, received by the defendant Robert Gracie. In September, 1830, the complainant, Harriet Pendleton, intermarried with J. P. Dellentash. In October thereafter, without noticing the abatement of the suit by the intermarriage of the complainant with Dellentash or the change of parties by the death of the first husband, an application was made on the part of the complainants to compel the defendant Gracie to answer certain interrogatories, on the reference before the master. The object of that application was to charge the defendant with certain insurance monies supposed to have been received on account of an insurance, effected by him on his own account upon a building on the prem-

ises in controversy. The chancellor decided, that under the circumstances of this case, the defendant was not answerable to the complainants for any insurance monies he might have received. The application was therefore denied. The master proceeded under the decree and completed his report in May, 1831, by which he found a balance due to the defendant Gracie. An application was now made on the part of Mrs. Dellentash for leave to file a bill of revivor and supplement, setting forth, among other things, the burning of the buildings, the insurance thereof by Gracie, and the receipt of the insurance money by him.

*C. F. Grim*, for the complainant.

*R. Sedgwick*, for the defendant Gracie.

THE CHANCELLOR. When this question was before me on the former application, I came to the conclusion that it would be inequitable to charge the defendant Gracie with any insurance money he might have received. It appears by the report of this case, when it was heard upon the merits, (2 *Paige's R.* 202,) that the defendant Gracie was turned into a trustee, by implication merely ; and at the time the house was insured and destroyed by fire, he was in possession of the property, claiming it in his own right and believing himself to be the legal and beneficial owner of the premises. As he was not an actual trustee, and only intended to insure his own interest in the premises, if the fire had not taken place he could not have been credited, in the taking of the account, for the amount of the premium. I therefore could not see that the complainants had any equitable claim for what might have been received for the loss. The complainants were not prevented from insuring their own interest in the premises, if they had thought proper to do so. But if this court decided wrong on that application, the complainants should have appealed. It is somewhat doubtful, at least, whether such a claim, if equitable, could have been allowed under the decree in this cause ; which, if I mistake not, was a decree by consent.

Where a suit abates so that the complainant is obliged to file a bill of revivor, he may file such bill of course, without any special order of the court granting permission for that purpose. If the bill is unnecessarily or improperly filed, the defendant may avail himself of the objection by plea or by demurrer. (*Lewis* v. *Bridgman*, 2 *Sim. R.* 465.) And where a complainant has a right to revive, he may add to the bill such supplemental matter as may be proper to add merely by way of supplement in that stage of the suit. But if the matter added by way of supplement to a bill of revivor be irrelevant or improper, the defendant may always avail himself of the objection, either by a plea, or by demurrer, or by exceptions for impertinence. If no decree had been made in this case, or if the supplemental matter had arisen since the decree, it would be a matter of course to permit the complainants to file their bill of revivor and supplement, leaving the defendant to make his objection, in the usual mode, to the whole or any part of the bill. It appears, however, that the matters which are sought to be inserted here by way of supplement, arose before the decree ; and that the principal object is to obtain a re-hearing, or a modification of the decree, on such new matters. It is therefore, properly, a bill of revivor and a supplemental bill in the nature of a bill of review which is sought to be filed. Such a bill cannot be filed without the special leave of the court, and upon making the deposit or giving the security required upon a bill of review. It must also be founded upon a similar affidavit of the discovery of new matter. (*Rule*, 173. 2 *Atk. R.* 139, *n. Mitf. Pl.* 4 *Lond. ed.* 91.) In the case under consideration the affidavits are insufficient to authorize the filing of a supplemental bill in the nature of a bill of review, in connection with the bill of revivor. The affidavit of the complainant does not show whether or not the burning of the house, and the insurance effected by the defendant thereon, were known to her previous to the making of the decree. And from the affidavit of the solicitor, it is evident he had enough to put him on enquiry as to the fact of insurance, the house having been burned several years before the decree. If he wished to charge the defendant on that account, he should have filed a supplemental bill at an earlier stage of the suit, for a discovery

as to that matter. In *Bingham* v. *Dawson*, (*Jacob's R.* 243,) leave to file a bill of this nature was refused, where the party might have obtained information of the facts previous to the making of the decree, if proper diligence had been used. (*See also Ord* v. *Noel, Mad. & Geld. R.* 127. *Swan* v. *Swan,* 3 *Price's R.* 581.) Here has likewise been negligence in making this application since the new matter was ascertained ; and the complainant has gone on before the master since that time until she had ascertained by the report that the balance was in favor of this defendant. It would be going much too far, under such circumstances, to permit a supplemental bill of this nature to be now filed, upon a very doubtful equity.

The application must be denied with costs. But this will not prevent the complainant from filing a bill of revivor and supplement, containing only such supplemental matter as has arisen since the abatement of the suit by the marriage of the complainant. Such a bill may be filed of course, without special leave of the court.