3   255
57   20
3   255
458   544

MOSES QUICK v. JOHN LILLY and others.

To entitle a party to file a bill in the nature of a bill of review, upon the ground of newly discovered matter, the evidence discovered must not only be new, but material, and such as if unanswered in point of fact, would either clearly entitle the party to a decree, or would raise a case of so much nicety and difficulty as to be a fit subject of judgment in a cause.

The court will not, before granting leave to file a bill of review, inquire whether the petitioner can prove the facts set out in his petition. If the facts and matters set forth in his petition, verified by his own oath, are such as to lay a sufficient foundation for a bill of review, it is all that is required.

The party will be required to file his bill of review within a limited time, and to deposit with the clerk of the court at the time of filing the bill, one hundred dollars, as security for costs.

PETITION by a defendant, after decree and order for re-hearing, for leave to file a bill in the nature of a bill of review, upon the ground of newly discovered matter. The circumstances of the case are stated in the opinion of the chancellor.

*Clark* and *Williamson,* for petitioner.

*Saxton,* contra.

Cases cited for petitioner. *Cooper's Pl.* 92, 216 ; *Mitford's Pl.* 80 ; *Hind's Prac.* 57 ; 1 *Mad. Chan.* 536, (2d ed.)

*Saxton,* contra. The defendant has already obtained an order for re-hearing, upon the ground of the discovery of this evidence, under which he may have all the benefit he can have in a bill of review. Under this rule the evidence relied on has been taken and filed. Is the evidence to be taken over again ? 2 *Y. and J.* 381 ; 1 *Vesey and B.* 153 ; 6 *John. C. R.* 255.

The petitioner does not ask to file a supplemental bill, and if he did it could not be done, because there is no supplemental matter. All existed before the former decree. No transaction between the parties, or change of interest, has occurred since

[Quick v. Lilly et al.]

to require a supplemental bill; and the party cannot, by filing the bill, place the defence on different grounds: 16 *Vesey*, 348; 2 *Ball and B.* 457; 17 *Vesey*, 144.

The alleged newly discovered evidence might with due diligence have been sooner discovered: 1 *Jac.* 243; 2 *Ball and B.* 461.

The newly discovered evidence does not go to establish any new fact, or to strengthen the defendant's case. It is therefore immaterial: 17 *Vesey*, 144; 2 *Maddock's Rep.* 53; 2 *Atkyns*, 529.

To entitle the petitioner to file the bill, the newly discovered evidence ought to be such as materially to affect the grounds of defence, and to entitle the defendant to a different decree. The newly discovered evidence in no wise affects the grounds of defence relied on by the defendant in his answer, and in his petition for re-hearing: 6 *Maddock's R.* 127; 3 *John. Chan. R.* 124.

Merely cumulative evidence is no ground for a new trial at law; so in equity, additional evidence on a matter admitted or not denied, or on which some evidence has already been given, is not a ground for a re-hearing: 1 *Hen. and Mun.* 480; 2 *Ridgeway's P. C.* 504.

THE CHANCELLOR. The bill was filed to foreclose a mortgage alleged to be lost or mislaid, and which was still outstanding and unsatisfied. The defence was, that the mortgage had been given up to be cancelled, and part of it being paid, a new mortgage was given afterwards for the balance. There was evidence of the giving a new mortgage, on different property, for the balance of the original mortgage, but no satisfactory evidence, if indeed there was any, to prove that the mortgage had been given up and the new one given and received in lieu of it. On the contrary there was evidence to show the admission of the mortgagor, long after the second mortgage was given, that the first one was still subsisting and unsatisfied. This was attempted to be explained away; but the defendant failed to satisfy the

court that the first mortgage (being the one in question) had been delivered up to the mortgagor as satisfied.

Afterwards, the defendant alleging that the lost mortgage had been found with the seals torn off, and under circumstances which went to show that it had really been satisfied, applied for a re-hearing, and for leave to present new evidence. The court agreed to grant a re-hearing, and that the defendant might have the benefit of the documentary proof; but intimated that no other new evidence could be permitted.

The defendant declined taking an order for a re-hearing upon these terms, and now applies by petition for leave to file a bill in the nature of a bill of review, in which he may have the benefit of the newly discovered evidence, and show not only the mortgage with the seals torn off, but when and by whom the same was found, and under what circumstances.

The question now is, whether the petition shall be granted. The rule in cases of this kind is, that the evidence discovered must not only be new, but material; and the meaning given to the word *material* is of the highest importance. The new matter must be such as if unanswered in point of fact, would either clearly entitle the plaintiff to a decree, or would raise a case of so much nicety and difficulty, as to be a fit subject of judgment in a cause: *Norris* v. *Le Neve*, 3 *Atk.* 26; *Ord* v. *Noel*, 6 *Mad.* 131; 1 *Hoff. Ch. Prac.* 570.

In this case the complainant insists that the mortgage is outstanding, though lost. The defendant contends, on the other hand, that it was delivered up as a satisfied mortgage to the mortgagor. That is the point in dispute. The fact of the instrument being found with the seals torn off, is of some importance; but its materiality to affect the decree, must depend very much on the collateral proof that may be made in regard to it; such as, by whom and under what circumstances it was found, where it was discovered, and how it probably got there.

The proof upon those matters, as now exhibited, consists principally of hearsay testimony, and is not satisfactory. If I am to consider this as all the evidence within the power of the party,

[Quick v. Lilly et al.]

I should say that leave ought not to be granted to file the bill of review. But this is not the time to inquire whether the petitioner can prove all the facts set out in his petition. He there states the facts and matters which he expects and believes he will be able to prove, and verifies the petition by his own oath. If they are such as to lay a sufficient foundation for a bill of review, it is all that is required. The merits of the case cannot be tried on the petition. In this case the petitioner has laid such foundation. He charges, that the mortgage was cancelled by the mortgagee himself, and that he hopes he will be able to prove it, as well by the production of the cancelled mortgage as by other evidence; and that this was done fairly and legally, and long before the filing of the bill.

I am disposed to allow the prayer of this petition, though with reluctance, on account of the delay which has taken place. I do not mean to say that if all the new matter on which the petitioner relies shall be proved, it will clearly entitle him to a decree; for it must be recollected that the complainant is in possession of the written acknowledgment of the mortgagor, that the mortgage is still outstanding and unpaid. But it may present a case of some difficulty; so much so, "as to be a fit subject of judgment in a cause."

Let the bill be filed within thirty days, and the petitioner deposit in the office at the time of filing, one hundred dollars, as security for costs, according to the practice of the court: *Hind's Prac.* 57, 58; 2 *P. W.* 283: *Lord Bacon's Ordinances,* 1; *Ld. Hardwicke's Order,* 2 *Atk.* 139; *Webb* v. *Pell,* 1 *Paige,* 564; *Pendleton* v. *Fay,* 3 *Paige,* 204.

Petition granted.