ALFRED C. NOWLAND
            vs.            }  December Term, 1848.
JOHN GLENN ET AL.

[CHANCERY PRACTICE.]

A DECREE is not considered as enrolled until the close of the term at which it
was passed, which does not expire until the commencement of the ensuing
term, and, therefore, a decree passed during the sittings of a term, may be
opened, vacated, or reformed, upon a bill filed before the close of the term,
though not until after the close of *the sittings* of that term.

[The facts of the case are sufficiently set forth in the opinion.
The case of *Crawford* vs. *Severson,* referred to, will be found
reported in 5 *Gill,* 443.]

THE CHANCELLOR:

The proceedings in this case show, that pending the suit in-
stituted in this court, by William Crawford, Jr. against John
Severson and Samuel Severson, so much of the legacy therein
mentioned, as was charged upon the land devised by Thomas
Severson to Samuel Severson, was paid by the said Samuel,
and the complainant, to whom the said land had been conveyed
by Samuel, in the year 1834. The final payment was made
by the complainant in this case on the 30th of December, 1836,
when a final release and discharge to him was executed by
Crawford, the complainant, in the case first mentioned.

Notwithstanding this release, however, it appears a decree
passed in this court on the 20th of March, 1848, for the sale of
the land devised to the said Samuel, as well as that devised to
John Severson for the payment of the legacies, respectively
charged upon them, although Samuel Severson had died long
prior thereto.

The bill in this case prays, that the decree of March, 1848,
in so far as the same authorizes and directs the sale of the
land devised by Thomas Severson to Samuel Severson, and
conveyed by the latter to the plaintiff, in this case may be re-
scinded and revoked; and I do not understand from the an-

swers of the defendants, that any serious, or indeed, any objection is made to this prayer, the ground taken in the answer being, that the delay of the plaintiff in this case in bringing forward the evidence of the payments, and the release, ought to subject him to a proportion of the expenses incurred by the complainant, in the case in which the decree passed.

The decree referred to, and which this bill seeks to open, and set aside, was passed during the sittings of the March term last, and though the bill in this case was not filed until after the close of the *sittings* of that term, it was filed before the end of the term, which did not expire until the commencement of the then ensuing July term, and, consequently, before the decree was enrolled, and whilst it remained under the control of the court. *Burch* vs. *Scott,* 1 *Gill & Johns.*, 393 ; *Hatton* vs. *Weems,* 12 *Gill & Johns.*, 104.

The court then having the right to open, and vacate or reform the decree, no difficulty would be felt in doing so, under the circumstances of this case. Even if the answer objected to it, which, however, it does not, the defendants only insisting that the plaintiff, for the reasons stated, should pay some proportion of the costs in the former case. There is some little difficulty in adjusting this matter of costs, but I am of opinion, that the most equitable settlement of the question will be, to leave the parties in both cases to pay their own costs. Crawford, upon the payment in full to him, should have discontinued proceedings in the first case against the land purchased by the complainant in this case, and this complainant is in some default, in keeping from the knowledge of the defendants in this case, his receipts and release, until May, 1848, when he first communicated with them upon the subject, a decree will be passed accordingly.

JOHN C. GROOME for Complainant.
JAMES MALCOLM for Defendants.