## SUPREME COURT.

### Greene agt Bates.

The Code (§ 121) provides; that an action may be continued by or against the representative of a deceased party, *on motion*, at any time within one year, or afterwards, *on a supplemental complaint;* but is silent as to the practice to be pursued, when such supplemental complaint becomes necessary by the lapse of the year without revival.

*Held,* that the former practice in Chancery must be regarded as furnishing a mode of proceeding in such a case.

The court accordingly ordered such supplemental complaint to be filed within thirty days, or that the complaint in the original suit be dismissed.

*Chenango Special Term, August* 1852. *Motion that the cause be continued in the name of the plaintiff's executrix.* The action was commenced in December 1847. Issue was joined in January 1848. The plaintiff died in April 1851, and his widow became the sole executrix of his last will and testament.

HOTCHKISS & SEYMOUR, *for the Motion.*

DICKINSON & TOMPKINS, *Opposed.*

MASON, Justice.—The time has gone by when the administratrix of the plaintiff can move for an order continuing this suit in her name under section 121 of the Code. She may, however, revive or continue the suit on an application, and leave obtained, to file a supplemental complaint under this section. The Code is entirely silent as to the practice to be pursued in such a case, when the suit has been suspended over a year after the death of the party, except that it must be continued on a supplemental complaint when the plaintiff applies to continue it after the year has gone by. I am of the opinion, however, that we must regard the former practice in chancery as furnishing the mode of proceeding in such a case. The rule as to parties now is very nearly the former chancery rule; and when the Code is silent I think the chancery practice may be safely followed. The defendant can not move to dismiss the complaint for want of prosecution pending this defect or suspension of the suit by the death of the plaintiff (1 *Barb. Ch. Pr.* 244, and cases there cited). I do not find

that the practice however has obtained in chancery of reviving the suit by making the administrators parties plaintiff on the defendant's motion, where the plaintiff has died pending the suit. The practice seems to be, where the defendant moves, to grant an order requiring the administrators to file a supplemental bill in a stated time or that the bill be dismissed (Randall vs. Mumford, 18 *Ves. R.* 424; Wheeler vs. Malins, 4 *Mod.* 171; Potter vs. Cox, 5 *Mod. R.* 80; Pells vs. Coon, 1 *Hopk. Ch. R.* 450; 1 *Barb. Ch. Pr.* 244). I am inclined, therefore, to pursue the practice in chancery and direct an order to be entered with the clerk of Broome county, requiring the administrator to file and serve a supplemental complaint of revivor within thirty days after notice of this order, or that the complaint in the suit be dismissed with costs (see *Whittaker's new Book of Practice, pages* 298, 299 and 300). The clerk of Broome county will enter an order in this cause to the effect above indicated, the costs of this motion to abide the event of the suit.