CYRUS B. MANCHESTER ET AL. v. HENRY C. MATHEWSON.

Where by the death of the plaintiff in a bill in equity it becomes necessary to file a supplemental bill in the nature of a bill of revivor, the Court, to prevent the inconvenience of two bills, will permit the introduction into such bill of other supplemental matter than that which is necessary for the revival of the suit.

HENRY MATHEWSON filed a bill in equity against the defendant to procure the rendering of a partnership account and an account of certain trust property and the assignment of certain mortgages. After the answer and replication had been filed and the evidence partly taken, said Henry died, leaving a will, and now the plaintiffs, the executors and devisees in said will of the property in dispute, move for leave to file a supplemental bill in the nature of a bill of revivor, for the purpose of continuing the suit, and that,

besides stating the facts, which show their right to carry on the suit, they may be allowed, by way of supplement to the original bill, to charge the defendant with the receipt of six thousand dollars of the said Henry's money, which the defendant had used in the co-partnership business, without accounting therefor, and of which the plaintiffs pray an account. The counsel for the plaintiff stated that said Henry at the time the original bill was filed, was very old and feeble and had made no mention of the advancement of this money to his co-partner, and that the fact had come out during the taking of the testimony after it was too late to take advantage of it by amendment.

*Carpenter* and *Cozzens* for the plaintiffs cited *Pendleton* v. *Fay*, 3 Paige, 206. *Podmore* v. *Skipwith* 2 Simmons, 565. *Stafford* v. *Howlett*, 1 Paige, 201.— Mitf. pp. 72, 74. Adams Eq. 406. 408. 3 Dan. pp. 1653. 1720-3. Story Eq. Pl. §333 and cases cited.

*Potter* for the defendant.

GREENE, C. J. delivered the opinion of the Court.

The plaintiff in this cause died testate, during the pendency of the bill, devising the property in contest to the parties who claim the right to revive. Where a suit abates by death, and the interest of the party, whose death has caused the abatement, descends to a representative which the law gives or ascertains, as an heir at law or an administrator, the suit may be continued by a bill of revivor merely. (Story's Eq. Pl. § 364.) *Douglass* v. *Shearman*, (3 Paige, 358.) In these cases the fact to be ascertained is, the person in whom the title is vested, whether as heir or administrator. So also in the case of

a marriage of a female plaintiff, as the sole fact to be ascertained is the person of the husband, a simple bill of revivor is all that is necessary to continue the suit. But when, by the marriage settlement, the property in controversy is vested in trustees, for the separate use of the wife and her issue, a bill of revivor alone is not sufficient, but a supplemental bill is also necessary to bring the interest of the trustees before the Court. *Merreweather* v. *Mellish*, (13 Ves. 161.) And, generally, when, by the death of a party, the suit abates, and his interest in the property in controversy is transmitted by a devise, or in any other manner, so that the title, as well as the person entitled may be questioned, the suit cannot be continued by a bill of revivor. In such cases, an original bill, in the nature of a bill of revivor and supplement, must be filed, in which the title may be litigated. *Douglass* v. *Shearman*, (3 Paige, 358, and cases cited.)

If the only object of this application were to revive this suit by a supplemental bill in the nature of a bill of revivor, there would be no difficulty. But leave is asked, not simply to revive the suit, but likewise to introduce matters, not essential for the purpose of revival, by the same supplemental bill. There are two classes of cases, in which it is proper to proceed by supplemental bill: first, where new matter affecting the case has arisen since the filing of the original bill, and, secondly, where such matter existed previous to the filing of the bill, but not having come to the knowledge of the party until the cause has come to an issue, it is, consequently, too late to introduce it by amendment. (Story Eq. Pl. § 333; 3 Doniel's Ch. P. 1653—6.) Undoubtedly, where a party has leave to file an ordinary supplemental bill, he may avail himself of any matter, which is the appropriate sub-

ject of such a bill. If the suit were already revived, the party could avail himself of the new matter in this form, and the question here is, whether he cannot do so by the same supplemental bill by which he revives the suit. To prevent the inconvenience of another bill, we think it may be done. It was so held by Chancellor Walworth, in *Pendleton* v. *Fay*, (3 Paige, 204.)

But the application of the plaintiff to be admitted to avail himself of the newly discovered matter by way of supplemental bill, should be made as soon as the discovery is made. In *Pendleton* v. *Fay*, above referred to, the plaintiff, after the discovery of the new matter, proceeded to a decree, and the Court, in that stage of the cause, refused to permit him to file a supplemental bill in the nature of a bill of review. In the present case the plaintiff was negligent in not making his application within a reasonable time after the discovery, but there are some extenuating circumstances in the situation of the plaintiff, and leave is given to insert the new matter in the bill of supplement and revivor, but on the condition that the applicants pay the defendant his costs of suit up to the time of filing this application.