CHARLES BALLANCE, APPELLANT, *v.* ROBERT FORSYTH, LUCIENE DUMAIN, AND ANTOINE R. BOUIS.

After the mandate went down to the Circuit Court, in the case of Ballance *v.* Forsyth, 13 Howard, 18, Ballance filed a bill upon the equity side of the court, setting forth the same titles which were involved in the suit at law, and praying relief.

*Ballance v. Forsyth et al.*

It was not allowable for him to appeal from the judgment of the Circuit Court and Supreme Court to a court of chancery, upon the merits of the legal titles involved in the controversy they had adjudicated.

The objections to the title of his adversary should have been urged upon the trial of the suit at law; and if they are founded upon alleged errors in the location and survey, all such questions are administrative in their character, and must be disposed of in the Land Office. He ought to have made opposition there; if he did not, he is concluded by his laches.

In the record there is a paper purporting to be an amended bill. It is doubtful whether this was properly filed; and if it was, it presents no ground of relief.

THIS was an appeal from the Circuit Court of the United States for the northern district of Illinois.

It was a sequel to the case of Ballance *v.* Forsyth, reported in 13 Howard, 18. After the mandate went down from this court, Ballance filed a bill on the equity side of the court, setting forth the same titles that were involved in the suit at law, and praying relief upon certain special grounds, which it is not necessary to enumerate.

It was argued by the same counsel as the two preceding cases.

Mr. Justice CAMPBELL delivered the opinion of the court.

This is a bill filed by the plaintiff to enjoin the execution of a judgment in the Circuit Court, upon which a writ of error had been taken to this court and affirmed.

The cause in this court was between the same parties, and the decision of the court is reported in 13 How. S. C. R., 18.

The plaintiff sets forth the claims of the respective parties, and insists that his is the superior right, and that he is entitled to have the property. But it is not allowable to him to appeal from the judgment of the Circuit Court and Supreme Court to a court of chancery upon the relative merit of the legal titles involved in the controversy they had adjudicated.

He further objects to the title of his adversaries. He insists, that in the location of their claim under the acts of May, 1820, and March, 1823, referred to in the report of the case as the source of their title, there was an erroneous location and sur-

vey, and that a larger extent of ground was conceded to them than they were entitled to; that the plan of survey did not conform to the requirement of Congress, and that their proofs were not filed in time. If either of these objections is of sufficient force to invalidate the title and to render it void, it should have been urged upon the trial at law, and it is too late after judgment upon the title to employ it to contest the issuing of the execution. But if they are mere irregularities, the court of chancery has no jurisdiction to notice them. It is the settled doctrine of this court, that in the location and survey of claims arising under acts of Congress like those of May, 1820, and March, 1823, the Executive Department of the Government has, in general, exclusive jurisdiction, and that all questions arising upon their location and survey are administrative in their nature, and must be disposed of in the Land Office.

The plaintiff was aware of the existence of these claims, and of the jurisdiction to which their adjustment was confided.

His patent contains an explicit reservation of the rights of any and all persons claiming under the act of Congress of 3d March, 1823, entitled "An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois." If he pretermitted his opposition to their location and survey before the General Land Office, he is concluded by his laches. If his opposition was made unsuccessfully, the decision of that department upon his objections is binding upon him.

Besides these objections, the plaintiff has introduced into the record a claim for the improvements upon the lots recovered by the judgment of the Circuit Court. It is not at all clear that the amendments to the bill in which this claim is contained were filed with leave, and form any part of the bill. It is not charged in them that the plaintiffs in the suits at law have opposed any obstruction to his removal of the improvements, and the entire statement of the bill concerning them is vague and unsatisfactory. We are unable to find in them any ground upon which the suspension of the execution of the judgment can be justified.

The decree of the Circuit Court is affirmed.