# MATTER OF BORSDORFF.

*Supreme Court, First District; General Term, Dec.,* 1863.

DEATH OF PARTY.—REVIVOR.—SUPPLEMENTAL COMPLAINT.

On the expiration of a year from the death of a party to the action, the court has now power, on motion, to allow a continuance of the action by or against his representatives.

The supplemental complaint contemplated by section 121 of the Code, as a sub-
stitute for a bill of revivor, is served as a matter of right; and upon such com-
plaint, and the pleading of the adverse party, the propriety of allowing a con-
tinuance of the original action is the only question in controversy, and is to be
tried like any other issue.

Appeal from an order denying leave to file and serve a sup-
plemental complaint.

The respondent was the executor of Charles W. Dayton, now
deceased. Charles E. Borsdorff and Hermann Winter, appellants,
obtained a judgment in this court on February 9, 1861, against
Charles W. Dayton, then deceased.

Such judgment was vacated February 16, 1863, upon the
application of the executor. The motion is reported, *sub nom.*
Borsdorff *a.* Dayton, Ante, 36, *note.* Plaintiff's attorney after-
wards procured an order, directed to the executor, to show cause
in April, 1863, why an order should not be entered, giving the
appellants leave to continue the action against Samuel Lord,
executor of the last will and testament of Charles W. Dayton,
deceased, by filing and serving a supplemental complaint. The
motion was denied, and the petitioner appealed.

*Robert H. Corbett*, for the appellants.—I. The order is against
a clear statutory right. It allows the executor to plead the
Statute of Limitations, in the event of a suit against him on the
original demand, and is an appealable order. (St. John *a.*
Croel, 10 *How. Pr.*, 253; Whitney *a.* Waterman, 4 *Ib.*, 313;
Otis *a.* Ross, 8 *Ib.*, 193; Greene *a.* Bates, 7 *Ib.*, 297; Harring-
ton *a.* Slade, 22 *Barb.*, 161; *Code*, § 349, subd. 3 and 5.)

II. The application was regularly made. (*Code*, § 121.) Pe-
tition for leave is the proper proceeding, after the lapse of one
year. (Greene *a.* Bates, 7 *How. Pr.*, 296; 15 *Ib.*, 241.)

III. The judgment was allowed to stand undisturbed for a
period of nearly two years, before the executor moved to set it
aside. After the judgment was set aside and vacated, the ser-
vice of the summons and complaint still remained good. The
defendant was dead. No valid objection can exist against al-
lowing the action to be continued in the name of the ex-
ecutor, as the legal representative of said decedent. (*Code*,
§ 121.) The original service remains in force. (Bryan *a.* Casey,
2 *Abbotts' Pr.*, 416; *Code*, § 99.)

IV. If the order at special term is affirmed, the appellants will have no remedy by which to collect their claim out of the estate of the decedent. Because, in an action against the executor, or against the legal representatives of the defendant Dayton, the plea of the Statute of Limitations would be a bar to a recovery.

V. There was no necessity for an application within one year. 1. There was no suit pending. Judgment had been obtained in February, 1861. 2. This judgment was not vacated until February, 1863. 3. The action had not abated, even if the judgment was then regularly vacated. 4. And the application to renew was made less than two months after the judgment was vacated. Appellants' application, on which the order appealed from was made, was not a motion; it was by petition, for leave to serve and file a supplemental complaint. (Coon a. Knapp, 13 *How. Pr.*, 175; Gordon a. Sterling, *Ib.*, 405; Johnson a. Williams, 2 *Abbotts' Pr.*, 229.)

VI. It is a sufficient excuse that the application to revive was not made before, when it is shown that the claim was in judgment for nearly two years after the death of Dayton, before the same was vacated by his executor.

*William R. Stafford*, for the respondent.—I. The application to the court below was to the discretion of the court, and its denial furnishes no ground of appeal.

II. The court would never exercise that discretion in favor of continuing an action, as to the commencement of which there was doubt. If the suit was not in fact commenced, it could not be continued; to authorize its revival, there should be no question on this point.

III. The motion to revive should have been made within one year after the death of defendant. The right to continue is lost; all the court could do after the year, is (when it has been properly revived) to allow a supplemental complaint, and that only when no laches is shown. (*Code*, § 121; Coon a. Knapp, 13 *How. Pr.*, 175; Greene a. Bates, 7 *Ib.*, 296.)

IV. The application to continue can only be made by the real parties in interest. (St. John a. Croel, 10 *How. Pr.*, 253.)

V. The plaintiffs had their election in October, 1862, either to revive and continue this action, or proceed under the statute,

by a reference of their claim against the executor. Their laches in moving, being unexplained, would of itself be a bar to the motion. And as more than one special term had elapsed since the necessity of reviving was brought home to them, upon this ground alone the court below properly denied their motion. (13 *How. Pr.*, 177.)

VI. The plaintiffs availed themselves of their right to proceed under the statute, by a reference of the claim against the executor; which reference was pending when this motion was made. Such a reference is clearly an action in this court. (2 *Rev. Stat.*, 274, §§ 41 and 42; *Ib.*, 89, §§ 36, 37, 4 ed.) The plea of "another action pending" would bar this suit; its revival, therefore, would be nugatory.

BARNARD, J.—The notice of motion in this case is for an order giving leave to plaintiff to continue the action against the executor of the deceased defendant, by filing a supplemental complaint. The motion was not made till after the expiration of a year subsequent to the death, and was denied at special term.

From the notice, it is evident that the motion was, in effect, a motion to be allowed to continue the action. Such a motion cannot be entertained after the expiration of a year from the death. (*Code*, § 121.)

It is claimed, however, that, in this case, the fact of judgment having been entered against the defendant, and subsequently set aside on the ground that it was entered after defendant's death, either prevented the year from commencing to run till after the judgment was set aside, or formed an excuse for not making a motion during that period. The section, however, is absolute and peremptory, that the motion must be made within a year after the death. The language of the section, so far as this is concerned, is clear, explicit, and unambiguous. There is no rule by which the court can construe this language into authority to deduct, out of the period which may have elapsed between the death and the motion, any portion thereof for any cause whatever; or to say that the year shall begin to run from any period other than that of the death of the party, or to allow of any excuse for not making the motion within the year.

But regarding the motion as one simply for leave to file a supplemental complaint to continue the action, the question arises, whether in that view it is necessary or proper to apply to the court for leave to file a supplemental complaint.

The appellant contends that it is necessary to make such application; and in support of his position, cites Greene *a.* Bates (7 *How. Pr.*, 296); Chapman *a.* Foster (15 *Ib.*, 241); Coon *a.* Knapp (13 *Ib.*, 175); Gordon *a.* Sterling (*Ib.*, 405); Johnson *a.* Williams (2 *Abbotts' Pr.* 229).

In the cases of Coon *a.* Knapp and Gordon *a.* Sterling, no question was raised as to the practice to be pursued in filing a supplemental complaint under section 121, and the opinions of the court do not in the slightest degree touch on the practice to be pursued in such case.

The case of Chapman *a.* Foster was a motion made by the defendant Foster to dismiss the complaint, because the plaintiff had not revived the action against the representatives of a deceased co-defendant.

This motion only raised the question whether the defendant Foster had a right to make such motion. The court held he had.

In the course of the opinion, the court, incidentally, say the plaintiff, must obtain leave to file a supplemental complaint on a motion made for that purpose. This point, however, was not before the court for decision, nor was it necessary for the decision of the case. It is a mere *obiter dictum*, and was evidently made without any consideration of the point.

The case of Greene *a.* Bates appears also to be a case where defendant moved to dismiss the complaint, because the representatives of a deceased plaintiff had failed to continue the action.

In this case, the only questions were, whether a defendant could make such a motion, or whether he could move to revive the suit by making parties the representatives of the deceased party. The court held that he could do neither; but that the course to be pursued in such case, was to have an order entered requiring the plaintiff, in case of the death of a defendant—or the representatives of the plaintiff, in case of the death of the plaintiff—to file a supplemental complaint of revivor within a certain

specified time, or that in default thereof the complaint be dismissed.

The judge, in his opinion, says: "It is true, the time has gone by when an order continuing the suit may be made, but it may be made on an application, and leave obtained, to file a supplemental complaint." The judge then proceeds:

"The Code is entirely silent as to the practice to be pursued in such a case, when the suit has been suspended over a year after the death of the party, except that it must be continued on a supplemental complaint, when the plaintiff applies to continue it after the year has gone by. I am of opinion, however, that we must regard the former practice in chancery as furnishing the mode of proceeding in such case."

It is evident that when the judge spoke of making application, and obtaining leave to file a supplemental complaint, his attention had not been drawn to the former chancery practice on the subject, nor to a due consideration of the practice now to be pursued in such case.

The cases of Johnson a. Williams—Williams a. Johnson, were cross-suits, and it was held at the special term of this district, that "from the language of section 121, it is evident that the permission of the court, on motion to continue the action, must be obtained, whether the continuance of it is sought within or after the expiration of the year."

The language of this section, however, in our view, clearly establishes two modes of proceeding—one by motion, and one by supplemental complaint. It says within a year, the court, on motion: after a year, on supplemental complaint. This is a clear antithesis.

The language is not, that within a year the court may, on motion, allow a continuance; and after a year may, on motion, allow a supplemental complaint to be filed; but it is that, after a year, the court, on a supplemental complaint, may allow, etc. This does not authorize the court to entertain a motion for leave to file a supplemental complaint, nor does it require such motion to be made. The plaintiff has as clear a right to present his supplemental complaint without asking leave of the court to do so, as he has to make a motion within the year, without previously obtaining leave so to do. Neither in the one case does the making the motion, nor in the other the presenting of

the supplemental complaint, revive the action of itself; the order of the court to that effect must be obtained.

The mode of obtaining such order under this section, within the year, is clear. It can be done on motion; or, in other words, the plaintiff can make a motion for the order, and if the court, on hearing both sides, sees proper to continue the action, it grants the order, the same as on any other motion: but after the expiration of the year, the section does not permit a motion; for when it says the motion may be made within one year, it is a clear exclusion of authority to make it after that time. To say that the court may, after the year, allow the action to be continued on a motion made upon a supplemental complaint, would be to ignore the section, and to allow an action to be continued on motion after the year; for it is manifest that it makes no difference what name is given to the papers on which the motion is founded, whether it is called affidavit, petition, or complaint,—the substance being the same, it is still but a motion; and the relief obtained is obtained in the same manner, and by the same proceedings, as the relief is obtained on an ordinary motion made on affidavit. It has already been observed, that the language of the section, neither by its express terms, nor by any reasonable construction, authorizes or requires a motion for leave to file a supplemental complaint or revivor.

Thus then we see that, so far as the language of the section is concerned, neither a motion to continue, nor a motion for leave to file a supplemental complaint, is authorized or required after the expiration of the year.

But it will be asked, how is the court to allow an action to be continued on supplemental complaint after the year?

By reference to the law and practice, as it stood prior to the Code, and to different modes of proceeding on motion, and on bills of revivor, which were well understood and recognized at the time of the passage of the Code, the answer to this question is plain.

Prior to the Code, there were known in the equity practice two modes of proceeding to revive a suit: one under the Revised Statutes, in the cases provided for by it, by summary application founded on petition or affidavit; and one by filing a bill of revivor.

The revivor on motion, under section 121, although it has a

wider range as to the cases in which it is applicable and necessary, and has a more limited period within which the motion can be made, still, in effect, stands in the place of this summary application, and the supplemental complaint stands in the place of a bill of revivor.

Again : a proceeding by motion was always understood as a summary application, on notice to the opposite party, founded on petition or affidavit for the relief granted—which application was opposed on affidavits, setting forth, substantially, the grounds of opposition ; whereas a proceeding by a bill of revivor was in the nature of an action in which the defendant set up his objections to a revivor by demurrer, plea, or answer; and the issue made by the bill, demurrer, plea, or answer was heard and decided as solemnly as any other issue joined.

There can be no question but the word " complaint," as used in section 121, is used as synonymous with the old terms of " bill" and " declaration."

Construing this section, then, by the light of the practice formerly existing, and the then acknowledged distinction between proceeding by "motion" and by "bill," the result follows, that the practice upon proceeding by supplemental complaint, under this section, is the same as obtained formerly upon a bill of revivor, since the Code contains no provisions either regulating the practice on such a complaint, or inconsistent with the former practice on bills of this character.

Now, as the law stood prior to the Code, it was not necessary to obtain leave of the court to file a bill of revivor. (2 *Barb. Ch. Pr.*, 48 ; 3 *Paige*, 206.)

Indeed, a motion for such leave would be supererogatory. The object of filing the complaint, is to bring into court the parties against whom the suit is to be revived : if they did not contest the propriety of the revival, an order of revival was entered of course, *pro confesso ;* but if they did litigate, then they presented their objections by demurrer, plea, or answer, forming an issue which was tried and disposed of in the regular way.

This being the object and course of proceeding on a bill of revivor, the court certainly would not, on a motion for leave to file such a bill, hear any objections to the filing of the bill, for that would be to prejudge the issue to be tried ; and unless

they did hear such objections, a motion would be of no practical use.  It was therefore settled that it was not necessary to obtain leave to file such a bill.

The framers of the section in question, certainly, did not intend to allow an action to be revived on summary application, irrespective of the time when such application should be made.  If such had been their intention, they would have left out all that is said about supplemental complaint.

Yet the construction contended for by respondent would make such to be their intention, since it is obvious that the application is equally summary if made on a motion founded on a paper called a supplemental complaint, as if made on a paper called a petition or an affidavit.  A substantial difference was intended, and not a mere difference of nomenclature.

The framers of the section, no doubt, had in view the old distinction of proceeding by motion, and by bill or revivor, and meant to adopt it.

Thus, then, we see that neither by the section itself, nor by the practice as it existed before the Code, was a motion for leave to file a bill of revivor necessary or proper.

The order below must be affirmed, with costs of appeal.

SUTHERLAND, P. J., concurred.

CLERKE, J.—I still adhere to the view taken by me in Johnson a. Williams (2 *Abbotts' Pr.*, 229).   I think the codifiers intended to alter the practice of the Court of Chancery in this respect, and that the party should obtain the permission of the court before he continued his action by a supplemental complaint.   There is, no doubt, a want of accuracy in the language employed, but I think it meant that within the year the court may, on a motion founded on an affidavit, allow the action to be continued; and after the expiration of the year, on a motion founded on the intended supplemental complaint.   The permission of the court first seems to be indispensable, from the whole tenor of the section; and if this is so, the above interpretation is the only one consistent with such an intention.

Order affirmed.