Monell, J.
The question involved in this motion has not, that I am aware of, been adjudicated upon by this court. In the supreme court the decisions are conflicting. Those holding that a motion is unnecessary, are Matter of Bordsdorf (17 Abb. Pr. 168); approved in Roach v. La Farge (19 Id. 67); while Green v. Bates (7 How. Pr. 296) ; Johnson v. Williams (2 Abb. Pr. 229); special term decisions, and Coon v. Knapp (13 How. Pr. 175); a general term decision, and Gordon v. Sterling (Id. 405); decided at special term, held that a motion is necessary.
Perhaps a literal reading of section 121 of the Code, will favor the construction, that a motion is required in all cases; and the difficulty arises from the word “ allow,” which seems to apply to each mode of reviving an action. Thus “the court on motion, at any time within a year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued,” &c.
An action does not abate by reason of the death of a party. It may, in effect, be suspended ; but the suspense is removed by allowing it to be continued by or in the name of the successor in interest. If the proceeding to revive is promptly taken, it is accomplished by a mere motion ; but if a year elapses, a more formal mode is prescribed. And where a supplemental complaint is resorted to, it at once puts the party in possession of all the material facts, in a form that an issue can be framed for trial.
The word “allow” is not, I think, to be taken necessarily, in an active sense, as requiring some possitive action of the court, but rather in the passive sense, of permitting the action to prevail without regard to *58 the cause of suspension ; so that it stands revived by the service of the supplemental complaint notwithstanding the suspension.
This view is in analogy to the mode of revival before the Code. A bill of revivor was filed without leave being obtained, and was so far an original proceeding, not requiring the allowance of the court. The practice prescribed by the Code was designed to be assimilated to the former chancery practice; and following that practice, it is reasonable to suppose, that it was intended, to provide for a revival of an action, in accordance with such former practice ; with the addition, of also providing for a more summary mode, when the application was promptly made.
The opinion of the supreme court, in Matter of Bordsdorf (supra), very fully examines the question, and, as I think, arrives at a correct conclusion.
The construction of the section, in that case, was, that it is unnecessary to obtain leave of the court to serve a supplemental complaint to revive the action. And such construction is strengthened by the provision, in the same section, for reviving after judgment for the possession of real property ; which provides forth e revival on motion within one year after the death, or af forwards on supplemental complaint. Very clearly, I think, in such a case no leave to serve a supplemental complaint is required.
The motion is denied, with ten dollars costs.