S. S. Knight and D. W. Knight *vs.* Samuel Atkisson and others.

## April Term, 1875.

Decree of dismissal on merits—Impeached by original bill—Conclusiveness. — A decree rendered upon a regular hearing in chancery is conclusive as to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have

brought forward at the time; and, therefore, a decree dismissing a bill on the merits cannot be set aside, nor can any relief be obtained against it on matter previously in existence, by an original bill, except for fraud.

BILL OF REVIEW—FILED WITHOUT LEAVE.—A bill of review for new matter, filed without leave of the court, will be taken off the file on motion, or dismissed on demurrer.

DEMURRER—ASSIGNMENT OF CAUSES—WANT OF EQUITY.—A bill clearly wanting in equity will be dismissed on demurrer, although the causes of demurrer assigned may not be technically sufficient to cover every ground of objection.

*John A. Campbell*, for complainants.
*P. G. S. Perkins*, for defendants.

THE CHANCELLOR :—Demurrer to a bill filed the 8th of August, 1874, showing the following facts : On the 4th of October, 1867, A. C. Stockard, as administrator of James L. Bell, deceased, recovered a judgment in the circuit court of Davidson county, Tennessee, by default, against the complainant S. S. Knight as principal, and complainant D. W. Knight as his surety, on a note executed by them, for $331.90 and costs. Stockard was appointed and qualified as administrator of Bell's estate in 1860, and filed his bill in this court to have the estate, upon suggestion of its insolvency, administered here, and the complainant S. S. Knight became, in proper time, a party thereto, by petition, as a creditor of the estate. Afterwards, on the 8th of February, 1868, he filed an original bill, in the nature of a cross-bill in that cause, against Stockard as administrator of Bell, and enjoined the collection of the above-mentioned judgment at law. The grounds upon which the right to an injunction was rested were, 1st, that he had a claim against Bell's estate larger than the judgment, and that it would be unjust to collect the judgment until his claim could be acted on and set off against it ; 2d, that the judgment was, moreover, unjust, the note on which it was based having been given for the hire of slaves, which hire, it was agreed by the parties to the contract, was not to be paid in the event of war then threatened. This bill was, on the 14th of January, 1870, dismissed, and the injunction dissolved. Execution

25

having been recently sued out on the judgment at law, this bill has been filed, and the execution again enjoined.

The bill again reiterates the statements of the original bill touching the consideration of the note on which the judgment was recovered, and the agreement of the parties at the time of its execution. It undertakes to state the evidence introduced in the former cause, upon which it alleges that the first bill was dismissed, and charges that the evidence was untrue and incompetent. It adds that, after the dismissal of the former suit, steps would have been taken to correct the errors, but several facts did not come to the knowledge of complainants until too late. What these facts are we are not advised, nor when they did come to the knowledge of the complainants, nor whether they could have been ascertained in time by any ordinary diligence. These are all the statements of the bill relating to the original cause, and the decree rendered therein.

The bill proceeds to rely upon matters which have happened since the rendition of that decree. It suggests that the complainant D. W. Knight has been released from liability as surety by the *laches* of Stockard in not taking judgment on the injunction bond given in the first suit, and in not sooner issuing execution on the judgment. The bill further alleges that the defendant Atkisson was appointed special administrator of Bell's estate by the chancery court of Cheathem county, and, by the heirs of Bell, agent of the estate, and their agent in prosecuting Stockard in a civil suit for fraud in administering the estate; and that he, Atkisson, advised complainant S. S. Knight, in the presence of co-complainant D. W. Knight, not to take an appeal from the decree dismissing the first bill, which complainant S. S. Knight spoke of doing, saying he would advise the heirs to pass over the decree, and that he and the complainant could settle said tranactions.

The defendant has demurred to this bill, for want of equity on its face, and because the complainants are precluded, by the judgment at law and the previous decree of

this court, from again litigating the matters of the original bill.

The present bill was filed without leave of the court, and is in form an original bill altogether, and so far as it seeks relief on the ground of the release of complainant D. W. Knight as surety, by the *laches* of Stockard, and so far as it bases its claim for relief upon what passed between complainants and Atkisson, it is unmistakably an original bill. There is, however, nothing in either of these grounds to justify a resort to this court. A judgment creditor is not bound to treat one of the judgment debtors as a surety unless the fact is made to appear on the face of the judgment, nor to rely upon an injunction bond unless he chooses to do so, nor to active diligence, the surety, after judgment, having the remedy in his own hands. *Bryant* v. *Rudisell*, 4 Heisk. 656; *Wright* v. *Simpson*, 6 Ves. 714; *Watson* v. *Sutherland*, 1 Tenn. Ch. 208; *Love* v. *Allison*, 2 Tenn. Ch. 111. And the agency of Atkisson, according to the bill, was merely to prosecute a suit against Stockard; his administration was only special, and, so far as appears, he had no authority to bind the heirs or the estate of Bell in any manner, touching the judgment in controversy.

The residue of the bill is based upon matter in existence at the rendition of the decree in the former case. It shows that the complainants have had their day in court to make their legal defences to the recovery of the judgment at law. It further shows that, by the previous bill in this court, they have had their day in court to set up any equitable defences, and to go behind the judgment at law if entitled so to do. This is a second bill, so far as this branch of it is concerned, to obtain identically the same relief about the same subject-matter. A decree, it need scarcely be said, either declaring a right, or negativing a right by dismissing the bill, rendered upon a regular hearing in chancery, cannot be set aside, nor can any relief be obtained against it on matter previously existing, by an original bill, except for fraud. *Blythe* v. *Peters*, 3 Yerg. 377; *Stewart* v. *Mizell*,

8 Ired. Eq. 242; *Holmes* v. *Remsen*, 7 Johns. Ch. 286; *Estep* v. *Watkins*, 1 Bland, 489; *Durant* v. *Essex Company*, 8 Allen, 103. And this, even if the dismissal be without proof and upon default, provided it is made after issue and publication passed, or, what would be equivalent, on regular hearing after the expiration of the time for taking proof. *Byrne* v. *Frere*, 2 Mol. 157; *Ogsbury* v. *La Farge*, 2 N. Y. 113. For were it otherwise there would be no end to litigation, and the decrees of the court between the same parties and on the same subject-matter might be in conflict, which would, in the language of Lord Talbot, " breed the utmost confusion." *Taylor* v. *Sharp*, 3 P. W. 371; *Wortley* v. *Birkhead*, 3 Atk. 809; *Reed* v. *Hambey*, 1 Ch. Cas. 44. Even if the second bill rely upon additional, though preëxisting, ground of relief, the decree in the first case would be conclusive as to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. *Lindsley* v. *Thompson*, 1 Tenn. Ch. 272; *Peeler* v. *Norris*, 4 Yerg. 331; *Selby* v. *Selby*, 2 Dick. 678; *Gregory* v. *Molesworth*, 3 Atk. 626; *Henderson* v. *Henderson*, 3 Hare, 115; *Aurora City* v. *West*, 7 Wall. 102; *Draper* v. *Gordon*, 4 Sandf. Ch. 232; *McDowall* v *McDowall*, 1 Bailey Ch. 324; *McRae* v. *David*, 7 Rich. Eq. 375; *Ballance* v. *Forsyth*, 24 How. 183. So, after one bill of review dismissed on demurrer, another bill of review will not be allowed, although error may be patent. *Denny* v. *Filmer*, 2 Ch. Cas. 133. The necessity of putting an end to litigation at some time, and the fact that there can be no better time than the close of the suit in a court of competent jurisdiction, in which the opportunity of full hearing has been afforded the parties, are sufficient reasons for these rulings. *Stoney* v. *Bank of Charleston*, 1 Rich. Eq. 275; *Davis* v. *Hall*, 4 Jones Eq. 403; *Barnes* v. *Cunningham*, 9 Rich. Eq. 475; *Campbell* v. *Briggs*, 4 Rich. Eq. 374.

There is, therefore, no equity in this bill as an original bill. In substance, however, the bill, so far as that branch

of it now under consideration is concerned, is a bill of review, being an attempt to get behind the former decree. In order to determine whether a bill is a bill of review, and, as such, requiring leave of the court before it can be filed, it is only necessary to ascertain how far it is consistent with the decree to which it refers ; and one test is, whether, if the decree had not been referred to in the bill, it could have been pleaded in bar to the relief prayed. *Bainbrigge* v. *Baddeley*, 2 Ph. 709 ; *Taylor* v. *Taylor*, 1 Mac. & G. 406. For this purpose the plea must have averred that the former suit was for the same matter. *Davie* v. *Lord Brownlow*, 2 Dick. 611 ; *Macey & Hamilton* v. *Childress*, 2 Tenn. Ch. 24. The recitals of this bill of the contents, objects, and parties to the original bill show complete identity, and a final decree. When the title or subject-matter of the complainant's claim has been directly adjudicated upon in a former suit by a decree declaring a right, or negativing that right by the dismissal of a bill, the remedy, if any, is by bill of review, even if the party have at the same time matter for an original bill. *Moore* v. *Moore*, 2 Ves. 597. This bill does not undertake to point out errors of law in the former decree. It simply alleges that the evidence on which it was based was "untrue and incompetent." But the time to have made these objections was on the trial of that cause, and no reason is assigned why they were not then made. *Stewart* v. *Mizell*, 8 Ired. Eq. 242. Besides, no new matter is brought forward in such a way as to show that if it had been before the court the result would have been changed. To authorize a bill of review for new matter, the applicant must not only satisfy the court of the materiality of the new facts which he desires to introduce into the case, but that he could not, with reasonable diligence, have availed himself of them before the decree complained of was made. *Bingham* v. *Dawson*, Jac. 243 ; *Pendleton* v. *Fay*, 3 Paige, 206 ; *Colville* v. *Colville*, 9 Humph. 524 ; *Frazer* v. *Sypert*, 5 Sneed, 100 ; *Burson* v. *Dosser*, 1 Heisk. 761. If, therefore, this

were an application for leave to file the present bill as a bill of review, it could not be granted. And, as a bill of review filed without leave, it might be ordered to be taken from the files, on motion (*Hodson* v. *Ball*, 1 Ph. 183), or it might be demurred to on that ground. *Henderson* v. *Cook*, 4 Drew. 306.

There is clearly no equity on the face of the bill, either as an original bill or as a bill of review, and the demurrer must be sustained, and the bill dismissed with costs. This may be done, in such case, *mero motu* by the court, even if the causes of demurrer assigned are not technically sufficient to cover every ground of objection. *Mayse* v. *Biggs*, 3 Head, 36; *Earles* v. *Earles*, 3 Head, 366; Code, § 4388; *McCaleb* v. *Crichfield*, 5 Heisk. 290; *Speidall* v. *Jervis*, 2 Dick. 632; *Molesworth* v. *Lord Verney*, 2 Dick. 667; *Quinn* v. *Leake*, 1 Tenn. Ch. 69.