## THOMAS LEACH *vs.* WILLIAM E. JONES.

Errors in a final decree may, in Rhode Island, be corrected on petition filed before the beginning of the term of the court next after that in which the decree is entered. After the beginning of such next term errors can only be corrected by bill of review.

Where the error is apparent on the record, a bill of review may be filed without first petitioning for leave to file it.

PETITION IN EQUITY to correct a final decree in partition.

*July* 15, 1876. POTTER, J. This petition was filed November 19, 1875, and asks to correct a decree entered by consent in this court, August 4, 1874, being the 71st day of the March Term, A. D. 1874, establishing a partition between Thomas Leach, complainant, and William E. Jones, respondent, the petitioner. The ground is that the report of the commissioners was erroneous, and does not set out to the parties the shares of land which the decree for partition made July 18, 1874, had declared them entitled to, and the petition asks that this final decree be reformed and corrected so as to conform to the previous decree.

It is evident from the papers themselves that the commissioners have made a mistake. Can the error be corrected by any order made on this petition?

By the old English practice, from which ours has been derived, and to which our rules refer us for guidance, when a decision was made the minutes were taken down by the registrar, an officer of the court, and after examination by counsel, were settled by him. If not altered by order of court, on petition, the decree was drawn up and passed by the registrar, signed by him and entered by a clerk in his office. After this it could not be corrected on petition except for clerical mistakes or for some matters consequential on the decree as made. Daniel Chanc. Prac. 1041, cap. 25, § 5. For any other matter or cause, the application must be for a rehearing. Story Eq. Plead. § 421, note 4; Adams' Eq. *396–9; *Pendleton et ux.* v. *Fay et als.* 3 Paige, 204; *Clark* v. *Hall,* 7 Paige, 382; *O'Hara* v. *Shepherd et als.* 3 Md. Ch. 306; 83d R. I. Equity Rule, 4 R. I. 581.

The next step in the English practice was enrolment. This practice was formerly in force in New York. *Wiser* v. *Blachly et*

*als.* 2 Johns. Ch. 488. When engrossed on parchment, signed by the chancellor, and deposited in the record office, the enrolment was complete. The enrolment might be vacated for want of notice of hearing, surprise, and in some cases when there had been no hearing on the merits, or for other irregularity, and a mere clerical error might be corrected. But unless vacated, the cause could only be reopened by a bill of review. Daniel Chanc. Prac. 1038–44, cap. 25, §§ 4 and 5 : *Burch* v. *Scott,* 1 Bland, 112, 123 ; *Kemp* v. *Squire,* 1 Ves. 205 ; 2 Madd. Ch. 465. While the English practice of enrolment was continued in New York and several of the American states, it was never adopted in this state. It is obvious, therefore, that while in the English practice there are three different stages of proceeding, and three modes of correcting error, corresponding to those stages, but different from each other, in our practice there can be but two.

We think the practice adopted by the Court of Chancery of Maryland, *Nowland* v. *Glenn et al.* 2 Md. Ch. 368 (A. D. 1848), the better practice, and more in consonance with our own, so far as we have adopted any. The term in chancery was there considered open until the next one began. And they held that a decree was not to be considered as enrolled so as to be beyond the power of the court to rehear until the next term commences. After that the proceeding must be by bill of review. *Burch* v. *Scott,* 1 Bland, 112, 120–126 ; also in 1 Gill & J. 393 ; *Cameron* v. *M'Roberts,* 3 Wheat. 591 ; *Sibbald* v. *United States,* 12 Pet. 488 ; Pott's N. J. Chanc. Prec. A. D. 1872, Rule 145. In the present case the error appears evident from the record itself, yet it is not a clerical error, but an error of the commissioners. The petition now before us is a petition to rectify and reform a decree. This can only be done by setting aside or vacating the decree confirming the commissioners' report, and sending the suit back to the same or another commission.

The decree sought to be corrected was entered by consent, and was not only so far final as to settle the rights of parties, but it settled the costs, the parties were dismissed from court, and another term had commenced. See *Ellzey* v. *Lane's Executrix,* 2 Hen. & M. 589 ; *Cook's Heirs and Creditors* v. *Bay,* 5 Miss. 485, 503. The proceeding should then be by bill of review ;

but if the error appears, as is alleged, from the record itself, there is no need of petitioning for leave to file it.

*Petition dismissed.*

*Francis A. Daniels* and *Vincent & Carpenter*, for complainant.
*Read & Harrington*, for respondent petitioner.

NOTE BY THE REPORTER. — See *Hodges* v. *N. E. Screw Co.* 3 R. I. 9, and *Randall* v. *Peckham, infra.*