Martin, J.
On the trial of this action the jury found, both that the defendant was negligent, and that the plaintiff’s intestate was free from contributory negligence. The question of the defendant’s negligence was submitted to the jury on two grounds: First, that no bell was rung nor whistle sounded; and second, that no pilot or “cowcatcher ” was attached to the south end of the tender. The defendant did not claim that the whistle was sounded, but did claim that the bell was rung continuously for the required distance.
Whether the bell upon the engine was rung as the train approached the crossing where the accident occurred, was one of the principal questions litigated on the trial. Upon *321 that question the plaintiff called three witnesses. . The first was the person who had charge of the horse and cutter when the collision occurred. He testified that at the time of the accident, he looked and listened to see if any train was approaching either way; that he heard nothing and saw nothing until the horse, was going on the track. The ■other two were in a position where they might have heard the bell if it was rung; but they were not shown to have listened, nor was their attention particularly called to the matter. They did not hear it. The defendant called four witnesses. One testified that he rung the bell; and the other three that they either saw or heard it rung. All of the defendant’s witnesses were its employees; and if there wras negligence in this respect, it was the negligence of some of these witnesses.
Upon this evidence the court submitted the question to the jury in a charge, to which no exception was taken. The jury found in favor of the plaintiff; and that such negligence or omission caused the death of the plaintiff’s intestate. The evidence presented a question of fact. This conclusion is not only sustained by the authority of the case of Greany v. Long Island R. R. Co. (101 N. Y., 419), But also by the cases of McKeever v. N. Y. C. and H. R. R. R. Co. (88 N. Y., 667) and Culhane v. N. Y. C. and H. R. R. R. Co. (60 N. Y., 133). There was evidence in this case that one, at least, of the plaintiff’s witnesses looked and listened. The credibility of the witnesses testifying upon this question was for the jury and not the court. We think the determination of this question by the jury should be sustained.
The jury also found that the defendant was negligent in not having a “cow-catcher” on the south end of the tender. It is claimed by the defendant that the evidence was insufficient to sustain that finding. If this were admitted, it would still be difficult to perceive how that fact would justify or require a reversal of this judgment, because if the defendant was negligent in not ringing its bell, and such negligence caused the death of the plaintiff’s intestate, then the verdict was justified, even though the defendant was not negligent in respect to the “cow-catcher.”
The findings of the jury, independent of that complained of, were sufficient to sustain the verdict. If the jury had found that the defendant was not negligent in that respect it would not have changed the result, so long as they found the defendant negligent in not ringing the bell.
This finding was prepared and submitted to the jury by the court, without any special objection on the part of the defendant. When the jury returned, a general verdict was *322 also taken. The evidence, and the first special finding.of the jury, were sufficient to sustain the verdict, so far as the-question of the defendant’s negligence was involved. Even if the jury made this finding without evidence to support it, we think it did no harm, and that the judgment should not be disturbed for that reason.
The appellant claims that the plaintiff’s intestate was. guilty of contributory negligence. Contributory negligence is a question of fact and should be left to the jury unless it so clearly appears from the circumstances or uncontradicted evidence, as to leave no inference or fact in doubt. It is only in very exceptional cases that it can be adjudged as a necessary legal conclusion, from the facts found. Thurber v. H. B. M. and F. R. R. Co., 60 N. Y., 326; Massoth v. D. and H. Canal Co., 64 id., 529. There were inferences and conclusions to be drawn from the evidence in the case, which were clearly for the jury, and the question of contributory negligence was, we think, properly submitted to them.
There were no exceptions to the charge. The defendant, however, requested the court to charge “ that under the circumstances of this case, negligence cannot be predicated or imputed to this defendant, by reason of running the train at that time, reversed, and without a cow-catcher.” The court declined to charge this request, but stated that it was a question to be passed upon by the jury, to which the defendant duly excepted. We do not think this exception well taken. The defendant’s request included more than the absence of a cow-catcher from the tender; the running' of the train reversed was also involved. While it might have been the duty of the trial judge to have charged that negligence could not be imputed to the defendent simply from the absence of a cow-catcher, still, when the request included the running of the train reversed, under the circumstances disclosed by the evidence in the case, especially" as they were claimed by the plaintiff, it was clearly the duty of the court to decline to charge as requested. The request must stand or fall as an entirety, and if any part of it was-improper, there was no error in rejecting it. Carpenter v. Stilwell, 11 N. Y., 79; Keller v. N. Y. C. R. R. Co., 24 How., 183; Hamilton v. Eno, 81 N. Y., 127.
The defendant also requested the court to charge “ that negligence on the part of Waters, as the circumstances develop in this case, is contributory to Halsey.” The court properly declined to charge this request. Dyer v. The Erie Railway Co., 71 N. Y., 228; Masterson v. N. Y. C. and H. R, R. R., Co., 84 id., 247.
There are no other exceptions in the case which require-special consideration. We think that none of the excep *323 tians taken on the trial, require or would justify a reversal of the judgment in this case.
It is doubtful if the facts can be reviewed by this court They cannot, unless the appellant has moved for a new trial at special term. Third Avenue R. R. Co. v. Ebling, 100 N. Y., 98: Olmstead v. Reed, 7 C. P. R., 190; Maas v. Ellis, 12 id., 323. We find no order of the special term denying a motion for a new trial; there is, however, an order denying a motion by the defendant for a non-suit, made, after verdict, on the minutes of the trial judge.
A careful examination of the case has led us to the conclusion that a new trial should not be granted, either upon the law or facts, but that the judgment and order, if any, should be affirmed with costs.
Hardin, P. J., and Foiaett, J., concur.