Mr. Justice Merrick
delivered the opinion of the Court.
This was an action brought to recover damages for injuries received by the plaintiff, a child who attempted to cross the tracks of\the defendant’s railroad between B street south and Maryland Avenue, not at the regular crossing of the street, but very near thereto.
A burden train had passed on the south track, and coinci-. dently with its passage an engine and tender were passing on the north track from the depot out towards the coaling yard. Immediately after the burden train had passed in one direction, the child, about ten years of age, ran directly across the south track and encountered the engine and tender, which were going in the opposite direction along the north track, and was stricken by it, thrown down, and his feet cut off by the wheels of the engine, which passed over them.
He brought this action for a recovery, and the usual contention about negligence on the part of the defendant, and contributory negligence on the' part of the plaintiff, took place. In the progress of the cause various instructions were asked for and prayers were granted on the part of the plaintiff; and in addition to the prayers asked on the part of the plaintiff, the court, of its own motion, gave a certain instruction and charge to the jury. And the question made here is: Was there or not error in the instructions and the charge granted by the court ?
There is always difficulty with the courts in determining and settling the rule of law in cases of this sort. For while the rule of law in the abstract is very clear, yet as applied *6 to the question of diligence in particular cases it becomes so far a mixed question of law and fact that the provinces of the court and of the jury respectively run gradually into each other ; and it has been found almost impossible to give exact definitions, in the particular case, of where the province of the jury exclusively begins and that of the court exclusively ends.
But while there is this difficulty, courts have always maintained that it is the duty of the court to declare the rule which the law imposes as nearly as may be, and to present 'to the minds of the jury clearly the proposition that they must limit themselves, in their inquiry into the facts of the cause and in considering the question of negligence, to that degree of care and attention which experience has foinffijqaspnalde'and necessary to prevent inju?jrfo“ofEers ; and that the court must carefully guard the jury against setting up any standard of their own in the case other than this one; or, as the rule is expressed in Dyer vs. Erie R. Co., 71 N. Y., 231, it would be erroneous to submit to the jury to find what signals, in their opinion, were necessary, and should have been given by the company for the purpose of avoiding the particular catastrophe.”
And wherever it appears from the whole tenor of the charge that, whether designedly or by inadvertence, the court has gone so far as to leave an impression upon the mind of the jury that they have a right to go beyond the general inquiry as to reasonable care and diligence, and to establish for themselves a particular standard of diligence, there is error.
Now, when you come to analyze the charge which was made by the judge in this case, and compare it with the instructions which were specifically asked for, while it may be difficult to put the finger upon any particular part of the charge, disconnected from the rest, or upon any particular proposition in the charge when disconnected totally from the others, which you could say was erroneous, yet, when you take the whole charge together, the peculiarity of the language used by the judge, the multiplicity of propositions *7 which are grouped together in the instructions as asked, and in the voluntary charge or instruction which was granted, the mind cannot escape the conclusion that there was an impression made upon the jury that they had the right to fix some standard other than the common standard of ordinary prudence; that they had a right to fix for themselves some standard of prudence which the railroad company jhnuldresort to, and to judge the case and the rights of the parties by that standard of their own creation.
It doubtless was not the real intention of the judge to produce that impression upon the minds of the jury; but nevertheless it seems to us, upon a careful consideration and grouping of the whole matter of the charge, that such was the result, and there is an eminent probability that the jury was misled by the nature of the charge as to the strict limitations of their duty.
The court feels itself constrained, without specific criticism upon any precise portion of the charge, to reverse the judgment, for the reason that it seems to us the jury were probably misled by the nature, terms and scope of the whole charge. It was so framed that they did not probably appreciate the limitations which ought to have been the guide of their conduct in the particular instance.
We feel the less hesitation, inasmuch as the judgment thus reversed is not a definitive judgment, but it remains open to both parties to try the case de novo with very little practical prejudice. That ultimate justice will be done we feel confident.
A more careful investigation of the cause will enable whoever is in the right to have that right successfully maintained and vindicated.
For these reasons the judgment is reversed and a new trial ordered.