Ingraham, J.
This action was brought to recover the damages sustained by the plaintiff in consequence of a railroad accident in the state of New Jersey. There was no evidence of any law in that state requiring railroad corporations to give any signals when crossing highways.
The question of negligence must, therefore, be determined by the duty that the common law requires of such corporations.
Plaintiff was in charge of an infant on the back seat of a wagon. The wagon was driven by Mrs. Brown, her employer, and there were two other persons in the carriage, one on the seat occupied by Mrs. Brown, and one on the seat occupied by plaintiff.
The highway upon which the carriage was driving approached the railroad track from the east, by a considerable ascent. In the last 100 feet of the road before reaching the track, it rises about eight feet. The railroad at the crossing, was composed of three tracks; two of’ the'tracks were used for the passage of trains; and" the third track being the- easterly of the three, was a side track,, upon which at the time of the accident, twenty empty freight cars of the defendant’s road were placed.
Mrs. Brown, the driver of the carriage, testified that as she approached the track, she looked both ways and listened for an approaching train; that she could see no train, and could hear nothing; that she then drove on and did not see the train until the horse was upon the track. She then urged the horse forward. The engine struck the carriage, severely injuring the plaintiff.
The nearest empty car was about eighty-five feet from the crossing. The plaintiff testified that there was no talking in the carriage at the time. She did not see or hear the engine until they were on the track, when some one exclaimed, “Here comes a locomotive.” She then looked up, saw the freight cars and the “ engine was right on us.”
• The evidence of others who. saw the accident was to the *300 effect that they saw the engine coming and heard the bell ring.
The engineer testified that the bell was rung for some time before they reached the crossing, but that he did not see, or could not see, the carriage until it appeared on the track, and he was beyond the empty freight cars. The grade of the railroad track, prior to reaching the crossing, was a down grade, and the train was run by gravity.
The trial judge held that the warning that was given, was, under the circumstances, sufficient, and the defendant was absolved from negligence.
The liability of railroad companies for accidents of this description has been much discussed in this state. In most of the cases, however, there was evidence that the warnings required by the statute were not given.
The general rules regulating such liability, however, are well settled.
In Beisiegel v. The N. Y. C. R. R. Co. (40 N. Y., 13) there were five tracks at the crossing, and upon two of the tracks empty box cars were standing.
Grover, J., in delivering the opinion of the court, said: “The judge was rig¡ht in refusing to charge that, if they, the jury, found that the bell upon the engine was ringing as required by statute, there was no proof of defendant’s negligence. This ignored the question whether it was negligence to have the box cars standing where they were.”
And James, J., says, at page 25: “The common law imposes upon railroad corporations when running their engines and trains over crossings, the exercise of reasonable care and diligence, to prevent injury therefrom to travelers on the road. Cases may arise where the corporation will not be exonerated from liability by the mere compliance with the statutory requirements. These requirements are merely cumulative, and companies are bound to use such other reasonable care and precaution as the circumstances of each case may require. And this question of reasonable precaution is always a question for the jury; and the fitness of any particular expediency suggested must depend upon the particular circumstances and exigency of each particular case.”
In Weber v. The N. Y. Central R. R. Co. (58 N. Y., 458), Allen, J., in delivering the opinion of the court, said: “It is not enough, in all cases, to absolve a railroad company from the charge of negligence that the statutory signals are given. The circumstances may be such as to require other precautions in the running of trains, or in the use or occupation of the tracks. There may be negligence which will charge the company, other than the bare omis *301 sion to sound the whistle or ring the bell,” and, on page 459, he says: “A railroad company must so operate its trains and use and occupy its railroad in the enjoyment of the right of way which it has, in common with an ordinary traveler, as not to injure others in the exercise of their right of way, provided that the latter are not guilty of any want of care on their part.”
And, in Dyer v. Erie R. R. Co. (71 N. Y., 230), Miller, J., says: “There can be no serious question that an obligation devolves upon railroad corporations to warn persons who may be passing, whether on foot or with a team, of the approach of trains, so that such persons may use the necessary caution to avoid the danger and keep out of the way of the train.” See also Barry v. N. Y. C. and H. R. R. R. Co., 92 N. Y., 295; Finklestein v. N. Y. C. and H. R. R. R. Co., 2 N. Y. State Rep., 680.
The question, therefore, is whether, under the circumstances in this case, where there was evidence tending to show that, in consequence of the use by the defendant of its road, the plaintiff" could not see the approaching train from the highway and could not hear the warning given, the defendant is absolved from liability on it appearing that the bell was rung, or, in other words, was the ringing of the bell so clearly a performance of the obligation of the defendant to warn persons passing along the road, that a verdict of the jury that the defendant was guilty of negligence in the performance of that obligation, would not be sustained.
The highway was below the level of the track. The freight cars were placed in such a position that they were between the approaching train and the carriage. The engineer could not see the carriage until it had passed the empty cars and was upon the track. The driver listened and looked for the train but could not see or hear it. Under such circumstances the court cannot say, as a question of law, that the defendant was not negligent, but it was for the jury to say whether, taking into consideration the position of the track, the highway and the cars on the side track, the defendant was negligent in the use and management of its railway.
The law does not require that any particular signal shall ■be given, so long as the obligation to warn persons who may be passing, of the approach of the train is performed in a reasonable manner; but if that obligation to warn persons approaching is not performed, or if the corporation is negligent in the performance of that duty, there can be no doubt as to its liability, and in this case, under the circumstances, that question was for the jury.
The fact that other persons, in á different position could *302 . hear the bell and see the train is not conclusive. The duty Was to warn persons approaching on the highway, and the fact that a person there listened and looked, and was unable to see or hear the train, is some evidence at least that the necessary warning was not given.
We are also of the opinion that it did not appear, as a matter of law, that plaintiff was gulity of contributory negligence.
Under the case of Dyer v. Erie R. R. Co. (supra), the negligence of the driver of the carriage could not be imputed to the plaintiff. Plaintiff was on the back seat' of the carriage, taking care of a child, and it cannot be said, under the circumstances, that she was so clearly guilty of a want of care as would justify the court in holding, as a matter of law, that her negligence contributed to the injury. Nor does it appear that any act of hers would have avoided the accident. Those in the carriage who did not look or listen did not see or hear the train.
On the whole case, we think think there was evidence which required that the question of the negligence of the defendant, and the plaintiff’s negligence should have been left to the jury. The judgment must, therefore, be reversed and a new trial ordered with costs to abide the event.