ALFRED SCHIMPF, RESPONDENT, *v.* ALONZO SLITER,
APPELLANT.

*Negligence — a collision between a buggy and a bicycle — a person forced to act
suddenly — when an error of judgment is excused — evidence of value.*

Alfred Schimpf was lawfully riding at the rate of three miles an hour upon a
bicycle, upon the right side of a drive-way in a public park, when Alonzo
Sliter, who was driving in a buggy at the rate of six miles an hour and upon
the same side of the drive-way, ran into him.

In an action brought by Schimpf against Sliter to recover the damages thus sus-
tained by him:

*Held,* that Schimpf was not guilty of contributory negligence in failing to turn
to his left in the hope of thus allowing Sliter to pass.

That, although Schimpf was proceeding so slowly, he had a right to presume until
the last moment that Sliter would, as he was legally bound to do, turn to his
right and yield the road to Schimpf.

That, assuming that Schimpf did not act in the matter with good judgment, he
was excusable as a party put in jeopardy by the negligence of Sliter and forced
to act suddenly.

That it was error to have allowed Schimpf to testify to what he had paid his phy-
sician and for repairs to his bicycle; that the value of such items should have
been shown.

APPEAL by the defendant, Alonzo Sliter, from a judgment of
the Supreme Court, entered in the office of the clerk of Albany
county on the 5th day of January, 1891, upon a recovery by the
plaintiff of $269.15 and interest and costs, after a trial before a
referee.

*Galen R. Hitt,* for the appellant.

*Harold L. Hooker,* for the respondent.

PUTNAM, J.:

The referee found that on the 2d day of May, 1888, plaintiff
riding on his bicycle on the drive-way in Washington Park in the
city of Albany, and going at the rate of three miles an hour, met
defendant driving a buggy, going at a rate exceeding six miles an
hour in the opposite direction. Plaintiff was on the right side of
said road, near to its western margin, when defendant came up on the
same side and ran into him, causing the injury for which this action
was brought.

The referee found that the defendant was negligent and plaintiff free from contributory negligence. There was no serious controversy in the case as to plaintiff being on the proper side of the road and defendant being on the wrong side, and hence as to the negligence of the latter. But it is insisted that the plaintiff, going at the rate of three miles per hour on his bicycle and seeing that defendant was about to run into him, could easily have turned to the left and avoided the collision, but, on the contrary, he voluntarily ran his bicycle into defendant's wagon and thus caused the injury. The rule in this class of cases is well settled that the plaintiff must show that the injury was not caused by his own negligence. If a want of care on his own part contributed to produce the injury, although the plaintiff was on the right side of the road and the defendant on the wrong side, plaintiff cannot recover. (*Kennard* v. *Burton*, 12 Shepley, 47, 48, 49; *Lane* v. *Crombie*, 12 Pick., 177; *Parker* v. *Adams*, 12 Metc., 419, 420; *Hartfield* v. *Roper*, 21 Wend., 615.)

Therefore, although plaintiff was on his own side of the road, he must also show that he endeavored to avoid a collision with defendant's vehicle. The question then arises whether the evidence justified the finding of the referee that plaintiff was not guilty of contributory negligence. I have given that evidence a careful examination and am of opinion that it does.

The plaintiff was going on his own side of the street when he met the defendant driving somewhat rapidly. Schimpf could not be expected to know or believe that Sliter when he reached him would not turn out. The latter would only be compelled to turn out for a bicycle a short distance, a foot or two, and could do so in a moment. Therefore, plaintiff was justified in supposing that defendant would obey the law, and turn out, until the last moment. Hence no negligence could be imputed to plaintiff in not himself going to the left until the defendant was right upon him, because until that time he could have no reason to believe that the latter would not give way to him.

Had plaintiff, when the horse and bicycle were near each other, turned to the left and the defendant, at the same time, turned to the right, and a collision occurred, the former would have been legally liable for all damage. He was not bound to put himself in

that position. I think, therefore, from the facts appearing in the case, the referee could find that Schimpf was not negligent in assuming until the last moment that Sliter would give way to him, and at the last moment it was not negligence on his part to not run the risk of turning to the left, when to do so would have subjected him to risk of collision if Sliter should turn the same way.

But even if plaintiff did not act with good judgment in the matter, the finding of the referee can be sustained. It is well settled that when a party by negligence of another is placed in a position of danger and is compelled to act suddenly, that the law does not demand that accuracy of judgment which would be called for under other circumstances, and in such a case, even if he makes a mistake, he will not be deemed negligent. (See *Dyer* v. *Erie R. R. Co.*, 71 N. Y., 228; *Bucher* v. *N. Y. C. and H. R. R. R. Co.*, 98 id., 132, 133; *Salter* v. *U. and B. R, R. R. Co.*, 88 id., 49; *Twomley* v. *C. P. N. and E. R. R. R. Co.*, 69 id., 158.)

Hence, if plaintiff found at the last moment that defendant did not turn to his right, and he did make a mistake in not turning to his (defendant's) left, yet being called on to act suddenly, his mistake, under the circumstances, was not negligent.

*Chaplin* v. *Hawes* (3 Carr. & Payne, 554) illustrates this view of the case: That was an action for an injury to a horse plaintiff's servant was riding, by defendant's cart. Defendant's cart was on plaintiff's side (the wrong side) of the road. The plaintiff's servant was riding through the gate when the injury happened. He testified that when three or four yards from the gate he saw the cart coming and could have pulled up, but did not, thinking that the driver would wait, as it was a gate through which the cart had no right to pass. The defendant claimed that if plaintiff's man pertinaciously insisted on his right of going through the gate, when he might have avoided the injury either by waiting or turning aside the plaintiff could not recover. The court held that if plaintiff's servant had such clear space that he might easily have got away, he would have been so much to blame as to prevent the plaintiff from recovering. But on the sudden a man may not be sufficiently self-possessed to know what way to decide, and in such a case the wrong-

doer is the party answerable for the mischief, though it might have been prevented by the other party's acting differently.

This case, however, is much more favorable for the plaintiff than that of *Chaplin* v. *Hawes.* There plaintiff's servant could have turned away with safety. Here Schimpf, when he was near enough to Sliter to make it apparent that the latter would not give way, could not have turned to the left without the greater risk of a collision, for which Schimpf would be legally responsible. Hence the finding of the referee, that no negligence appeared on the part of the plaintiff, was correct.

I think, however, without discussing the matter at length, that, under the ruling of the Court of Appeals in *Gumb* v. *The Twenty-third Street Railway Company* (114 N. Y., 411), the referee erred in allowing proof of sums paid by plaintiff to his physician, for medicine, for repairing his bicycle, etc. In the case above cited the court held it error for the plaintiff to testify as to what he had paid for repairing his wagon and the amount of his physician's bill, without showing the value of such items. For this error of the referee a new trial will be necessary unless the plaintiff stipulates to deduct the amount of the items so proved, which is fifty-nine dollars and fifteen cents.

The judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiff stipulates to deduct from the damages recovered in the action fifty-nine dollars and fifteen cents. If he so stipulate, the judgments hould be affirmed, without costs to either party.

MAYHAM, P. J., concurred; HERRICK, J., not voting.

Judgment reversed and new trial granted, unless plaintiff deducts fifty-nine dollars and fifteen cents from judgment. If deducted, judgment affirmed, without costs to either party.