The plaintiff claims that the court erred, to his prejudice, in excluding as evidence generally in the case the judgment entered in this action upon the default of the other defendants, including the towboat company and Schuyler. It appears that a judgment by default against all the defendants was entered on the 26th July, 1892. On the 20th August, 1892, a stipulation in the action was made between the plaintiff's attorney and the attorney for the trust company, that this judgment, "so far as it relates or affects the defendant the Holland Trust Company, be reopened, and the default of said defendant" excused, with leave to answer on certain terms, "it being understood and agreed that nothing herein contained shall affect the rights of the plaintiff herein, as against any or all of the above-named defendants, except the defendant the Holland Trust Company, under and by virtue of the judgment." An order in accordance with the stipulation was duly entered. The point of the plaintiff is that the judgment was competent, as against the trust company, to show prima facie the fraudulent character of the transfer by Schuyler. It is a little difficult to see how this can be, in view of the stipulation and order that the judgment be reopened "so far as it relates to or affects the defendant the Holland Trust Company." It was found, at the request of the plaintiff, that such a judgment had been entered. It also appears that before this suit was commenced a receiver of the corporation was appointed. We fail to see in the ruling any error that calls for reversal. In the view we take of the case, we assume that, as between the plaintiff and Schuyler and the towboat company, the transfer may be invalid. That does not allow a recovery against the trust company, it being in the position of a purchaser for a valuable consideration without previous notice of the fraud.

There are no other questions that need be specially considered. We find no good ground for reversal. All concur.

Judgment affirmed, with costs.

---

(8 App. Div. 123)

### HICKEY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

ACCIDENT AT RAILROAD CROSSING—QUESTION FOR JURY.

Plaintiff, who was struck by a train while crossing defendant's railroad track on a very dark night, while a dense fog was prevailing, testified that before driving on the track he and his companions looked and listened, but heard nothing. There was evidence that the train was going very fast, that the fog was so dense that the headlight furnished practically no warning, and that the whistle, if blown, or the bell, if rung, could not be heard at the crossing. *Held*, that defendant's negligence was a question for the jury.

Appeal from circuit court, Rensselaer county.

Action by John F. Hickey against the New York Central & Hudson River Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $10,000 damages,

and from an order denying a motion for a new trial, made on the minutes of the court, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

R. A. Parmenter, for appellant.
Lewis E. Griffith, for respondent.

MERWIN, J.   On the 19th August, 1891, the plaintiff was injured in a collision with a passenger train of defendant at a highway crossing in the village of Herkimer.   The collision and consequent injury were due, as the plaintiff claims, to the negligence of defendant in running its train, without any contributory negligence on the part of plaintiff, and the jury have so found.   The ground of negligence is the failure to give due warning of the approach of the train.   The plaintiff was a resident of Troy, and was attending a firemen's convention at the village of Herkimer.   He and another delegate, by the name of Mulligan, stopped at an hotel in the village of Mohawk, about a mile distant.   The proceedings in the evening of August 18th continued to a late hour, and it was about 1 o'clock in the morning of the 19th before the plaintiff and his associate started for their hotel.   It was very dark, and there was a dense fog, and they arranged with one Crosset to take them in a carriage to Mohawk.   He sent Lawton, one of his employés, with a one-horse top buggy, the top being down.   The three sat upon one seat; Lawton being in the middle, and driving.   Lawton was familiar with that locality.   They proceeded southerly down Main street, which crosses the railroad tracks at the station at about right angles.   When they arrived near the railroad a freight train was passing eastwardly on track No. 4.   After it passed they proceeded along, but, as the plaintiff testifies, they stopped before passing over any of the tracks, and all looked and listened to ascertain whether any other train was coming; and, hearing or seeing nothing, they started across, and were struck by a west-bound passenger train on track No. 2, which is the second track beyond, or southerly of, the one the freight train was on.   The plaintiff was severely injured, and the other two were killed.   The defendant claims that upon the facts the judgment should be reversed; that upon the evidence the jury was not warranted in finding that the defendant was negligent, or the plaintiff free from negligence.   There was evidence on the part of plaintiff tending to show that the train was going very fast; that the fog was so dense that the headlight furnished practically no warning; that the whistle, if blown, was blown so far away that it was not heard at the crossing; that no bell was rung, or, if rung, could not be heard at the crossing.   It was the duty of the defendant to use reasonable care in the operation of its train, having in view the circumstances of the case, and the danger to be reasonably apprehended.   It was bound to give reasonable warning of its approach to the crossing.   Dyer v. Railway Co., 71 N. Y. 228; Weber v. Railroad Co., 58 N. Y. 451; Vandewater v. Railroad Co., 135 N. Y. 583, 588, 32 N. E. 636; Crawford v. Railroad Co., 13 N. Y. St. Rep. 298.   Whether or not the defendant performed its duty was, I think,

a question for the jury, and its conclusion should not be disturbed. Whether or not the plaintiff was free from negligence depended largely upon the credit to be given to the testimony of the plaintiff himself. The jury had a right to believe him, and, if so, had the right to say that he was not careless. Wilcox v. Railroad Co., 88 Hun, 269, 34 N. Y. Supp. 744. The verdict should not, I think, be disturbed upon the facts.

Our attention is called to several exceptions to rulings upon evidence. Error is claimed in the refusal of the court to strike out certain evidence given by Crossett, a witness for the plaintiff, on his redirect examination, as to the ability of the driver, Lawton. The evidence was proper as explanative of or in reply to the cross-examination. The witness Hall was allowed to give his opinion of the speed of the train. Presumptively, as the evidence then stood, he was competent to give it, though not an expert. Salter v. Railroad Co., 59 N. Y. 632. A witness testified that the train was coming "at a very rapid rate of speed." This the defendant moved to strike out, on the ground that the witness was not shown competent to speak. The refusal to strike out did not affect defendant's rights, as it afterwards appeared that the witness was competent. The defendant objected to the evidence of plaintiff as to what was said between the three, in the buggy, just before they started to cross the track. The court limited the evidence "to whatever may have been said by any one of the three to the others, calling the attention of the driver to an approaching train"; "to anything they may have said at that time as to whether or not they could hear or see any approaching train." This was competent on the question of contributory negligence.

Upon the question of damages, it was competent for the plaintiff to describe his occupation prior to the accident, and his ability to earn money. .

The defendant offered as evidence its rule No. 95, but it is not apparent how it was material. The rule itself is not in the record.

Of the charge the defendant has no good ground to complain. The refusal to charge requests, the subject of which has been fully and sufficiently charged already, does not present error. No point is made as to the amount of the damages. No good ground for reversal is, I think, apparent in the case, and the judgment should therefore be affirmed. All concur.

Judgment and order affirmed, with costs.