### SMITH v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.   May 3, 1899.)

RAILROADS—INJURY ON CROSSING—FINDINGS—REVIEW.

> A sleigh, containing a party of nine or ten persons, was struck by defendant's train on a crossing, and plaintiff was injured.   All of such persons testified that no bell was rung or whistle blown as the train approached the crossing.   Their team was trotting until near the crossing, and the sleigh bells were ringing.   The engineer and fireman, and other company employés, testified to the giving of the signals, and so did other witnesses not connected with the company.   Held, that the jury were not warranted in finding that no signals were given.

Appeal from trial term, Montgomery county.

Action by Ellen Smith against the New York Central & Hudson River Railroad Company.   From a judgment for plaintiff, an order denying a motion for a new trial, and an order granting an extra allowance of costs, defendant appeals.   Reversed as to the judgment and order on motion for new trial, and the order as to costs vacated.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Prescott & Titus, for appellant.
L. F. Fish, for respondent.

MERWIN, J.   About 10 o'clock in the evening of December 24, 1897, a two-horse sleigh, in which the plaintiff and others were riding, in the village of St. Johnsville, on Bridge street, where it crosses the tracks of the defendant, was struck by a passenger train of the defendant, going west.   In the collision the plaintiff received personal injuries, for which she seeks in this action to recover damages, upon the ground that the accident and consequent injury were caused by the negligence of the defendant in not giving proper signals of the approach of its train.

. . It was the duty of the defendant to use reasonable care in the operation of its train, having in view the circumstances of the case and the danger to be reasonably apprehended. It was bound to give reasonable warning of its approach to the crossing. Dyer v. Railway Co., 71 N. Y. 228; Weber v. Railroad Co., 58 N. Y. 451; Vandewater v. Railroad Co., 135 N. Y. 583, 588, 32 N. E. 636; Hickey v. Railroad Co., 8 App. Div. 125, 40 N. Y. Supp. 484; Bailey v. Jourdan, 18 App. Div. 387, 46 N. Y. Supp. 399. Upon this subject, at the trial, the main dispute was over the question whether the whistle was blown and the bell rung. The court charged the jury, in substance, that if they believed the whistle was blown, as appeared by the evidence on the part of the defendant, and that the bell was rung, then the plaintiff could not recover. The jury, by their verdict, in effect found that the whistle was not blown and bell rung. The question is whether the evidence was sufficient to sustain this finding. We must assume, in the consideration of this question, that the rule as to the liability of the defendant was correctly stated by the trial judge.

The plaintiff and the driver of the team, together with several others in the sleigh, testified that, as they approached the crossing, they were listening for signals, but heard no whistle or bell. One other witness was called by the plaintiff on this subject, who testified that he was at the station, and looking at the train as it came up, and heard no whistle blow or bell ring. Upon his cross-examination he testified that he was inside the depot looking out of the window, was paying no attention for signals, and could not say whether or not the train blew the whistle or rung the bell. So that, practically, the evidence on this subject on the part of the plaintiff is confined to the parties in the sleigh. There were nine or ten persons in the sleigh. The team, as it came down the street, was trotting, until within 10 or 20 feet of the crossing, when it slowed down to a walk. There were two bells on the team attached to the neck yoke of the horses. There was a wind from the west. There were freight cars on one or more of the tracks that obstructed the view of those coming along the street and crossing. On the part of the defendant, the engineer and fireman on the engine testified to the blowing of the whistle and ringing of the bell. A number of other employés of defendant, who were in a position to know, testified to the blowing of the whistle. Besides these, two witnesses were called who were not connected with the defendant. One of these was near the crossing as the plaintiff's team came towards it, and he testifies to hearing the whistle and the bell. The other witness lived on Bridge street, a short distance above the crossing, and testifies to seeing the plaintiff's team go by her house, and hearing, shortly afterwards, the blowing of the whistle.

The train was a fast one, and not scheduled to stop at St. Johnsville. Assuming that the plaintiff and her party did not hear the whistle or the bell, it does not necessarily follow that the whistle was not blown or the bell rung. The train was coming against the wind, and the noise from the bells on the horses would interfere somewhat with the hearing of other sounds, especially if, as was probably the case, the whistle was blown while the horses were trot-

ting. This being the situation, the fact that the plaintiff and her party did not hear the whistle or bell was not, we think, sufficient to overcome or outweigh the positive evidence on the subject on the part of the defendant. The jury were, therefore, not warranted in finding the proposition of fact which, under the charge, must be deemed to have been the basis of the verdict, and a new trial must be granted.

The appeal from the order granting the extra allowance need not be considered, as that order must fall with the judgment.

Judgment and order denying motion for a new trial reversed on the facts, and a new trial granted; costs to abide the event. Order granting extra allowance vacated. All concur.