BERNARD T. McGETTIGAN, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

ELIZABETH McGETTIGAN, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

JOHN A. WHALEN, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

BRIDGET CANFIELD, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

(Argued May 1, 1935; decided May 28, 1935.)

*Kenneth O. Mott-Smith* for appellant. The defendant's sole duty in the premises was to comply with the orders of the Public Service Commission. (*Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320; *Matter of Grade Crossing Elimination Act* [*Altamont*], 234 App. Div. 129; *Matter of International Ry. Co.* v. *Public Service Comm.*, 226 N. Y. 474.)

*Loren E. Harter* for respondents. The Legislature by section 53 of the Railroad Law (Cons. Laws, ch. 49) did not delegate to the Public Service Commission authority to permit the defendant to obstruct the public highway by erecting and maintaining in the center thereof its flashing highway crossing signal. (*Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60; *Town of Albion* v. *Ryan*, 201 App. Div. 717; *Town of Mt. Pleasant* v. *City of New York*, 199 App. Div. 315; *Town of Waterford* v. *Brockett Lumber Co.*, 227 App. Div. 422; *People ex rel. N. Y. R. Co.* v. *Public Service Comm.*, 223 N. Y. 373; *People ex rel. Municipal Gas Co.* v. *Public Service Comm.*, 224 N. Y. 156; *McAneny* v. *N. Y. C. R. R. Co.*, 238 N. Y. 122; *People ex rel. P. S. I. Transportation Co.* v. *Publis Service Comm.*,

262 N. Y. 39; *Lantry* v. *Mede*, 127 App. Div. 557; 194 N. Y. 544; *State Board of Pharmacy* v. *Gasau*, 195 N. Y. 197; *Daly* v. *Haight*, 170 App. Div. 469; 224 N. Y. 726; *Matter of N. Y. & H. R. R. Co.* v. *Kip*, 46 N. Y. 546; *Psota* v. *L. I. R. R. Co.*, 246 N. Y. 388; *Tinker* v. *N. Y., O. & W. R. R. Co.*, 157 N. Y. 312; *Garvey* v. *L. I. R. R. Co.*, 159 N. Y. 323; *Delaware, L. & W. R. R. Co.* v. *City of Buffalo*, 158 N. Y. 266; *United States* v. *Fischer*, 2 Cranch, 358; *People ex rel. City of New York* v. *N. Y. C. R. R. Co.*, 217 N. Y. 310.) The defendant was not relieved from the duty of properly lighting or otherwise illuminating the obstruction so that travelers lawfully using the highway might be warned of its existence. The question was one of fact for the jury and the jury has found the defendant negligent. (*O' Neill* v. *City of Port Jervis*, 253 N. Y. 423; *Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60; *City of Mt. Vernon* v. *N. Y., N. H & H. R. R. Co.*, 232 N. Y. 309; *Callanan* v. *Gilman*, 107 N. Y. 360; *Bailey* v. *Bell Telephone Co.*, 147 App. Div. 224; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594; *McKinney* v. *N. Y. C. & H. R. R. R. Co.*, 66 App. Div. 207; 174 N. Y. 516; *Delaware, L. & W. R. R. Co.* v. *City of Buffalo*, 158 N. Y. 266; *Stern* v. *International Ry. Co.*, 220 N. Y. 284; *West* v. *City of New York*, 265 N. Y. 139; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *Vandewater* v. *N. Y. & N. E. R. R. Co.*, 135 N. Y. 583; *Spitzer* v. *N. Y. C. R. R. Co.*, 211 App. Div. 332; *Harriman* v. *N. Y. C. & St. L. R. R. Co.*, 253 N. Y. 398; *Taylor* v. *City of Albany*, 239 App. Div. 217; 264 N. Y. 539; *Weis* v. *L. I. R. R. Co.*, 235 App. Div. 253.)

LOUGHRAN, J. These are actions for negligence. Each of the plaintiffs has a judgment for injuries suffered when an automobile, in which they were riding through rain and darkness, struck the concrete base of a signal apparatus placed by defendant in the center of the highway adjacent to its railroad tracks at a grade crossing in the

village of Pulaski. The verdicts against defendant must be taken to establish that, although plaintiffs exercised sufficient care to that end, they did not see the obstruction in time to avoid the impact. A signal supervisor of defendant had previously reported to his superiors that other vehicles had collided with the same object in the night time.

The principal defense is that the particular position, structure and equipment of the object had been authorized by law and that the authorization had been fully executed. The facts upon which this defense is predicated are admitted. Prior to the accident, the Public Service Commission, after an investigation of the causes of grade crossing collisions, had issued a general order prescribing, " Rules and regulations governing installation and maintenance of a Uniform Type of Automatic Warning Signal to be used at highway grade crossings in the State of New York." Dimensions, contours and colors of the several parts of this signal, as well as its warning lights, were specified in the order, which made, among others, the following provisions: " The signals may be installed either in the center of the highway or to the right thereof as one approaches the railroad. One signal must be installed on each side of the railroad. In cases where the physical characteristics require that the signal shall be located on the left side, such location may be used after special permission therefor has been secured from the Commission."

Pursuant to these requirements, the Public Service Commission thereafter made an order respecting the location of the signal apparatus in question in the following form: " The New York Central Railroad Company [defendant] having submitted a plan showing the proposed installation in the center of the highway of automatic horizontal flashing highway crossing signals at the crossing of the railroad and Salina street, in Pulaski, N. Y., and said plan having been examined and found satisfactory,

it is Ordered: That the plan filed by The New York Central Railroad Company be and hereby is approved and that permission is hereby granted to install the signals in the center of the highway."

The competency of the Public Service Commission to make these orders is not questioned (Public Service Commission Law; now Public Service Law [Cons. Laws, ch. 48] *passim.*) That it was defendant's duty to conform to the general order for installation of a signal (Railroad Law, § 53 [Cons. Laws, ch. 49]), and that defendant in fact installed a signal conformably to a plan approved by the Commission are undisputed. The court here ruled, however, that if the man of ordinary prudence would nevertheless have maintained the signal in a condition safely visible to a careful, observing user of the highway no matter what the state of the weather, failure of defendant to do so was negligence. The evidence supports the verdicts for plaintiffs on the issue thus framed. The Appellate Division has affirmed the ruling of the trial court. On defendant's application, we have reviewed its contention that it owed to plaintiffs no duty other than that defined by the orders of the Public Service Commission. In our opinion, proper construction of these directions establishes that the cases were rightly left to the jury.

The analogies and distinctions involved are sharply suggested by *Great Central Ry. Co.* v. *Hewlett* ([1916] 2 A. C. 511). The railway company erected gates and posts at the entrance to one of their stations. These were found to be a nuisance and an obstruction of the highway. The company then obtained an act of Parliament which authorized the maintenance of the existing gates and posts. The duty to light the locality was upon public officials. While the street was darkened as a war measure, the plaintiff drove his taxicab into one of the posts and sustained damages for which he sued. A judgment in his favor was affirmed by the Court of Appeal. It was held by that court that, since nothing in the statute absolved the defendants from the

duty to act with reasonable care in the circumstances from time to time, the jury's finding of negligence was not without warrant (32 T. L. R. 373.) The decision of the Court of Appeal was overruled in the House of Lords on the ground that the accident arose, not from any overt act of the company, but from the legalized existence of the gate post and the supervening risk resulting from diminution of light necessitated by the exigencies of war. In respect of that decision it is to be noticed that it is a case, not of statutory license to put an obstruction in a highway, but of express and specific legislative sanction of the continuance of something as it stood in the street. The case was found not to differ in principle from that of a road dedicated subject to an obstruction already there (Opinion of Lord WRENBURY). Nothing so decided, it was said, was intended to cast doubt on the settled rule, relied on by the Court of Appeal, that statutory powers must be exercised with reasonable judgment and precaution to prevent injury to others. The present cases, we think, are controlled by that principle.

The problem, it may be observed again, is to settle by construction the limits of the orders of the Public Service Commission. The doctrine that what the law specially sanctions cannot itself be wrongful has been narrowly applied in this court: " We need not discuss the cases, or consider how broadly the doctrine should be permitted to operate, since one condition or limitation has been firmly grafted upon it, which raises the final and ultimate question in the case before us. That limitation is that the authority which will thus shelter an actual nuisance must be express, or a clear and unquestionable implication from powers conferred, should be certain and unambiguous, and such as to show that the legislature must have contemplated the doing of the very act in question." (Hill v. Mayor of City of New York, 139 N. Y. 495, 501, 502.) (See 1 Street on The Foundations of Legal Liability, pp. 41–45.)

Authority to defendant to place the signal apparatus in the center of the highway was conferred in general terms of mere permission. There was no imperative command that the structure if so located was to be maintained with the specified equipment and nothing more. Indeed there is no negative word in either order of the Public Service Commission. Defendant is not here held liable merely because it made an unwise choice between the alternatives afforded by the orders. As we read them, a larger discretion was thereby left to defendant and the presumption is that this discretion was intended to be exercised in conformity with private rights. (See *Dyer* v. *Erie Ry. Co.*, 71 N. Y. 228, 230; *Thompson* v. *N. Y. C. & H. R. R. R. Co.*, 110 N. Y. 636; *Bohan* v. *Port Jervis Gas Light Co.*, 122 N. Y. 18, 28, 29; *Vandewater* v. *New York & N. E. R. R. Co.*, 135 N. Y. 583; Salmond on the Law of Torts [8th ed.], pp. 46–50; 1 Beven on Negligence in Law [4th ed.], pp. 372–375.) We can find no room for the implication that defendant was to be immune although (as the jury could have found) it kept a dangerous thing in the highway after knowledge of the danger.

In each case, the judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgments affirmed.